UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT GEAN CONKLIN,

        Petitioner,         Case No. 1:14-cv-1124

v.        Honorable Gordon J. Quist

LORI GIDLEY,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition.

Also before the Court is Petitioner's motion (docket #2) to hold the action in abeyance so that he may exhaust unexhausted claims in state court. For the reasons that follow, Petitioner's motion will be granted.

**Discussion**

I.  Factual allegations

Petitioner Robert Gean Conklin is incarcerated by the Michigan Department of Corrections at the Oaks Correctional Facility. In 2011, following a jury trial in the Eaton County Circuit Court, Petitioner was convicted of two counts of first-degree criminal sexual conduct with a person under the age of 13 (CSC-I), Mich. Comp. Laws § 750.520b(2)(b), and two counts of second-degree criminal sexual conduct with a person under the age of 13 (CSC-II), Mich. Comp. Laws §§ 750.520c(1)(a), 750.520c(2)(b). On July 28, 2011, he received sentences of 30 to 60 years of imprisonment for each of the CSC-I convictions, and 15 to 30 years of imprisonment for each of the CSC-II convictions. He filed an appeal and a motion for remand in the Michigan Court of Appeals, claiming that his convictions are "against the great weight of the evidence." (*See* Attach. to Pet., docket #1-1, Page ID#31.) The Michigan Court of Appeals denied the motion for remand on July 26, 2012, and affirmed the judgment of conviction and sentence on February 19, 2013. Petitioner then appealed to the Michigan Supreme Court, which denied leave to appeal on July 30, 2013, because it was not persuaded that the questions presented should be reviewed by that court.

Petitioner filed the instant action on or about October 27, 2014,[1] raising the following grounds for relief: (1) the conviction was against the great weight of the evidence and/or there was insufficient evidence to convict him; (2) Petitioner was deprived of effective assistance of counsel where counsel failed to investigate or negotiate a plea deal that was offered and failed to meet with Petitioner prior to trial; and (3) Petitioner was deprived of effective assistance of appellate counsel,

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on October 27, 2014, and it was received by the Court on October 30, 2014. Thus, it must have been handed to prison officials for mailing at some time between October 27 and October 30, 2014. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

where appellate counsel failed to raise the issue of ineffective assistance of trial counsel.  (*See* Pet. 6, 7, 9, docket #1.)

## II.	Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

It appears that Petitioner has not presented several of his grounds for relief in state court.  Judging from the attachment to his petition, which appears to be an excerpt from the brief he filed on appeal (docket #1-1), the only claim that he raised in his appeal is that his conviction is against the great weight of the evidence.  This claim is similar to, but not the same as, his other claim in ground one of the petition that the evidence was insufficient to convict him.  Michigan courts apply the weight-of-the-evidence standard from state law to determine whether to grant a new

trial. *See People v. Lemmon*, 576 N.W.2d 129, 137 (Mich. 1998). In contrast, the right to due process in the Fourteenth Amendment guarantees that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 U.S. 307, 316 (1979). The question of whether to grant a new trial because the verdict is against the great weight of evidence is distinct from the question of whether due process has been offended by insufficient evidence; the weight-of-the-evidence standard "does not implicate issues of a constitutional magnitude." *Lemmon*, 576 N.W.2d at 133 n.8. Thus, insofar as Petitioner claims that the evidence was insufficient to convict him as a matter of due process, it appears that this claim has not been exhausted. Furthermore, Petitioner asserts that he did not raise his other claims in grounds two and three of the petition regarding the ineffective assistance of trial and appellate counsel.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his claims, Petitioner must file a motion for relief from judgment in the Eaton County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

District courts must dismiss petitions containing unexhausted claims without prejudice in order to allow petitioners to return to state court to exhaust available remedies. *See*

*Rose v. Lundy*, 455 U.S. 509, 522 (1982).  However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review.  This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.  As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to petitions containing unexhausted claims.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  In *Palmer*, the Sixth Circuit held that when the dismissal of a petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his unexhausted claims in the state court.  *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court.  The Michigan Supreme Court denied his application on July 30, 2013.  Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A).  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on Monday, October 28, 2013.  Accordingly, Petitioner had one year, until October 28, 2013, in which to file his habeas petition.  Petitioner filed the instant petition one day before the deadline.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a

reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*). In the instant case, Petitioner has less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Upon review, the Court concludes that Petitioner has satisfied the *Rhines* standard. The unexhausted claims are not plainly meritless and there is no indication that Petitioner has engaged in intentionally dilatory litigation tactics. Consequently, the Court will grant Petitioner's motion for a stay (docket #2).

An Order consistent with this Opinion will be entered.

Dated:  December 5, 2014                       /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE