UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT GEAN CONKLIN,

        Petitioner,

v.

        Case No. 1:14-CV-1124

        HON. GORDON J. QUIST

LORI GIDLEY,

        Respondent.
_____/

# ORDER ADOPTING
# REPORT AND RECOMMENDATION

On October 23, 2018, Magistrate Judge Carmody issued a Report and Recommendation (R & R) recommending that the Court deny Petitioner's petition for writ of habeas corpus and deny a certificate of appealability. After Petitioner was allowed to return to state court to raise and exhaust a motion under Michigan Court rule 6.502, Petitioner presented the following claims in his amended petition: (1) Petitioner's trial counsel was ineffective on a number of grounds; (2) Petitioner's appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel, insufficiency of the evidence, a speedy trial violation, and the improper imposition of costs; (3) Petitioner was denied his right to a speedy trial; (4) Petitioner's convictions were not supported by sufficient evidence; and (5) the trial court denied Petitioner his Fourteenth Amendment equal protection and due process rights by failing to assess Petitioner's future ability to pay court-imposed costs.

The magistrate judge reviewed each of these claims, concluding that Petitioner's claim regarding costs is not cognizable on habeas review; Petitioner failed to demonstrate a violation of his Sixth Amendment right to a speedy trial; the state-court's determination with regard to the

weight of the evidence were consistent with clearly established law under *Jackson v. Virginia* , 443 U.S. 307, 99 S. Ct. 2781 (1979); and Petitioner failed to show that the state-court's factual and legal determinations regarding his claims of ineffective assistance of trial and appellate counsel were unreasonable.

Petitioner has filed an Objection to the R & R. (ECF No. 16.) Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Petitioner's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

A party seeking review of a report and recommendation must "file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see* W. D. Mich. LCivR 72.3(b) (requiring an objecting party to "file and serve written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections"). "A general objection to the entirety of the report and recommendation has the same effect as would a failure to object at all." *Ramsey v. Stegall*, No. 95-1628, 1996 WL 250067, at *2 (6th Cir. May 9, 1996) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)).

Petitioner's Objection is rambling, difficult to decipher, and fails to meet the specificity requirement mentioned above. Nonetheless, the Court has reviewed Petitioner's Objection, which focuses largely, and perhaps solely, upon appellate counsel's performance. In any event, the Court finds the R & R well reasoned and in accordance with applicable law. Petitioner fails to persuade the Court that the R & R should be rejected.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued October 23, 2018 (ECF No. 15) is **APPROVED AND ADOPTED** as the Opinion of this Court. Petitioner's Objection (ECF No. 16) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

This case is **concluded**.

A separate judgment will enter.

Dated: December 13, 2018    /s/ Gordon J. Quist
                            GORDON J. QUIST
                            UNITED STATES DISTRICT JUDGE